■ SANDRA PETERSON, Appellant, v CITY OF NEW YORK et al., Respondents. [993 NYS2d 88]—

In an action to recover damages for employment discrimination in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kerrigan, J.), dated August 7, 2012, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and, in effect, denied her application for leave to amend the complaint, and (2) an order of the same court dated September 26, 2012, which denied her motion for leave to renew and reargue her opposition to the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and for leave to amend the complaint.

Ordered that the appeal from so much of the order dated August 7, 2012, as, in effect, denied the plaintiff's application for leave to amend the complaint is dismissed, as no appeal lies

as of right from an order that does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order dated September 26, 2012, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders are affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

"In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true, and the motion should be granted only if the facts as alleged do not fit within any cognizable legal theory" (*Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch.*, 117 AD3d 1005, 1006 [2014]). Here, the Supreme Court correctly determined that the complaint failed to state a cause of action to recover damages for employment discrimination in violation of the New York State Human Rights Law (*see* Executive Law § 296) and the New York City Human Rights Law (*see* Administrative Code of City of NY § 8-107). Contrary to the plaintiff's contention, the complaint did not sufficiently plead a cause of action to recover damages for discrimination based upon a predisposing genetic characteristic in violation of the New York State Human Rights Law. Further, the New York City Human Rights Law does not proscribe discrimination based upon a predisposing genetic characteristic (*see* Administrative Code § 8-107 [1] [a]).

Moreover, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The plaintiff did not proffer any new facts in support of that branch of her motion, but merely reiterated the same facts and arguments that she asserted in her original opposition papers (*see* CPLR 2221 [e] [2], [3]).

In addition, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint. The plaintiff's proposed amendments were palpably insufficient, as a matter of law, to have warranted a grant of leave to amend (*see* CPLR 3025 [b]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.