■ JOSEPHINE VITIELLO et al., Appellants, v CAROLYNN MERWIN et al., Respondents. [10 NYS3d 890]—In an action pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief, the plaintiff Josephine Vitiello appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated April 1, 2013, as granted that branch of the defendants' motion which was to hold the plaintiff Erasmo Ronnie Vitiello in civil contempt for violation of an order of the same court dated June 13, 2012, and denied her request for certain relief.

Ordered that the appeal is dismissed, with costs.

The notice of appeal filed by the pro se plaintiff Josephine Vitiello purports to include herself and the pro se plaintiff Erasmo Ronnie Vitiello as appellants. However, because Josephine Vitiello is not an attorney admitted to practice law in the State of New York, she was without authority to take an appeal on behalf of Erasmo Ronnie Vitiello (see Matter of Ontario Hgts. Homeowners Assn. v Town of Oswego Planning Bd., 77 AD3d 1465, 1466 [2010]; Matter of Schulz v New York

*State Dept. of Envtl. Conservation*, 186 AD2d 941, 942 n [1992]). Since Josephine Vitiello was not aggrieved by the portion of the order appealed from granting that branch of the defendants' motion which was to hold Erasmo Ronnie Vitiello in civil contempt, the appeal from that portion of the order must be dismissed (*see* CPLR 5511; *Matter of Executive Life Ins. Co. of N.Y.*, 122 AD3d 629 [2014]).

Josephine Vitiello also appeals from so much of the order as denied her request for certain relief, which request was made in an affidavit she submitted in opposition to the defendants' motion. The appeal from this portion of the order must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal (*see* CPLR 5701 [c]; *Peterson v City of New York*, 120 AD3d 1328, 1328-1329 [2014]). Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.