Citibank, N.A. v Kletzky (2021 NY Slip Op 04213)





Citibank, N.A. v Kletzky


2021 NY Slip Op 04213


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-07535
 (Index No. 517714/16)

[*1]Citibank, N.A., appellant, 
v
Goldy Kletzky, respondent, et al., defendants.


Akerman LLP, New York, NY (Joseph M. DeFazio and Ashley S. Miller of counsel), for appellant.
Law Office of Samuel Katz, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 26, 2018. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Goldy Kletzky and for an order of reference, and granted the cross motion of the defendant Goldy Kletzky pursuant to CPLR 3211(a)(5) and 3217(c) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Goldy Kletzky pursuant to CPLR 3211(a)(5) and 3217(c) to dismiss the complaint insofar as asserted against her, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
On March 16, 2010, the plaintiff, Citibank, N.A., commenced an action (hereinafter Action No. 1) to foreclose a certain residential home mortgage against the defendant Goldy Kletzky (hereinafter the defendant), among others, specifically electing in its complaint to call due the entire amount secured by the mortgage, which was originally payable in installments. On July 19, 2010, the plaintiff voluntarily discontinued Action No. 1 pursuant to CPLR 3217(a).
Days later, on August 1, 2010, the plaintiff commenced a second action (hereinafter Action No. 2) against the defendant, among others, to foreclose on the same mortgage that was the subject of Action No. 1, electing in its complaint to call due the entire amount secured by the mortgage. On March 6, 2013, the plaintiff voluntarily discontinued Action No. 2 pursuant to CPLR 3217(a).
On October 7, 2016, the plaintiff commenced this action against the defendant, among others, to foreclose on the same mortgage that was the subject of Action Nos. 1 and 2. The defendant joined issue, asserting several affirmative defenses, including that the action was barred by the applicable statute of limitations, as well as by CPLR 3217(c).
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and [*2]cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred, and pursuant to CPLR 3217(c) to dismiss the complaint insofar as asserted against her on the basis that the discontinuance of Action No. 2 was with prejudice. By order dated April 26, 2018, the Supreme Court granted the defendant's cross motion and denied the plaintiff's motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Leone, 175 AD3d 1452, 1453). However, even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the statute of limitations begins to run on the entire debt (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Acceleration of a mortgage debt requires an unequivocal overt act, such as the commencement of a foreclosure action which specifically invokes that relief (see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090; Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476). However, "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an[y] express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, ___ NY3d at ___, 2021 NY Slip Op 01090, *6).
Here, the defendant established that the six-year statute of limitations began to run on the entire debt on March 16, 2010, when the plaintiff commenced Action No. 1 and elected in the complaint to call due the entire amount secured by the mortgage. However, the acceleration was revoked as a matter of law on July 19, 2010, when Action No. 1 was voluntarily discontinued. A few days later, on August 1, 2010, the debt was again accelerated when the plaintiff commenced Action No. 2 and again elected in the complaint to call due the entire amount secured by the mortgage. However, the acceleration was again revoked as a matter of law on March 6, 2013, when Action No. 2 was voluntarily discontinued. Therefore, contrary to the defendant's contention, the statute of limitations had not run on the entire debt when this action was commenced on October 7, 2016 (see ___ NY3d at ___, 2021 NY Slip Op 01090, *7).
Moreover, under the circumstances presented, the Supreme Court erred in determining that the voluntary discontinuance of Action No. 2 operated as an adjudication "on the merits" (CPLR 3217[c]; compare Bayview Loan Servicing, LLC v Windsor, 172 AD3d 799, 801, and Tortorello v Carlin, 162 AD2d 291, 292, with Haber v Raso, 130 AD3d 781, 782).
Accordingly, the Supreme Court should have denied the defendant's cross motion pursuant to CPLR 3211(a)(5) and 3217(c) to dismiss the complaint insofar as asserted against her.
However, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, as the plaintiff failed to establish, prima facie, its strict compliance with the 90-day notice provision of RPAPL 1304 (see CV XXVII, LLC v Trippiedi, 187 AD3d 847, 851; Citimortgage, Inc. v Erani, 180 AD3d 641, 644; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
LASALLE, P.J., CHAMBERS, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court