Deutsche Bank Natl. Trust Co. v Mecca (2022 NY Slip Op 01145)





Deutsche Bank Natl. Trust Co. v Mecca


2022 NY Slip Op 01145


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-04495 
2018-04498
2019-06914
 (Index No. 602190/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
John Mecca, appellant.


John Mecca, Kings Park, NY, appellant pro se.
McCabe Weisberg Conway, P.C. (Greenberg Traurig, LLP, New York, NY [Leah N. Jacob], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Mecca appeals from (1) an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated February 13, 2018, (2) an order of the same court, also dated February 13, 2018, and (3) a judgment of foreclosure and sale of the same court entered May 13, 2019. The first order dated February 13, 2018, insofar as appealed from, (1) denied the motion of the defendant John Mecca for leave to renew and reargue his prior motion to compel the plaintiff to produce certain documents for inspection, (2) denied that branch of that defendant's separate motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and (3) granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint and dismissing that defendant's affirmative defenses, and for an order of reference. The second order dated February 13, 2018, insofar as appealed from, struck that defendant's answer and affirmative defenses and referred the matter to a referee to ascertain and compute the amount due and owing to the plaintiff. The judgment of foreclosure and sale, upon the orders dated February 13, 2018, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders dated February 13, 2018, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders must be dismissed. The right of direct appeal from the first order dated February 13, 2018, terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The appeal from the second order dated February 13, 2018, is not appealable as of right and leave to appeal has not been granted (see CPLR 5701). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a]).
On August 6, 2004, the defendant John Mecca executed a note with Coastal Capital Corp., doing business as The Mortgage Shop, in the sum of $342,000. The note was secured by a mortgage on real property. The plaintiff commenced an action to foreclose the mortgage in 2010 (hereinafter the 2010 action). In the 2010 action, the plaintiff sought to recover the entire balance of the mortgage debt. The Supreme Court directed dismissal of the 2010 action "without prejudice [ ] to recommence upon proof of proper standing."
By summons and complaint filed March 4, 2015, the plaintiff commenced this action against Mecca, among others, to foreclose the mortgage. The plaintiff sought to recover the entire balance of the mortgage debt. Mecca moved to compel the plaintiff to produce various documents, including the original note, for his inspection. The Supreme Court denied this motion. Mecca then moved for leave to renew and reargue his motion to compel. He separately moved, inter alia, to dismiss the complaint insofar as asserted against him on the ground that the action was barred by the statute of limitations. The plaintiff cross-moved, among other things, for summary judgment on the complaint and dismissing Mecca's affirmative defenses, for an order of reference, and for leave to amend the caption to delete the names "John Doe #1 through John Doe #7." In an order dated February 13, 2018, the court, inter alia, denied Mecca's motion for leave to renew and reargue his prior motion to compel, denied that branch of his separate motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and granted the plaintiff's cross motion. In a second order dated February 13, 2018, the court, among other things, struck Mecca's answer and affirmative defenses and referred the matter to a referee to ascertain and compute the amount due and owing to the plaintiff. On May 13, 2019, a judgment of foreclosure and sale was entered, inter alia, confirming the referee's report and directing the sale of the subject property. Mecca appeals.
"An action to foreclose a mortgage is subject to a six-year statute of limitations" (Citibank, N.A. v Kletzky, 196 AD3d 459, 461; see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Citibank, N.A. v Kletzky, 196 AD3d at 461). "However, even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the statute of limitations begins to run on the entire debt" (id. at 461). "Acceleration of a mortgage debt requires an unequivocal overt act, such as the commencement of a foreclosure action which specifically invokes that relief" (id. at 461; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 27).
Here, the instant action is not barred by the statute of limitations. Contrary to Mecca's contentions, a default notice letter did not purport to accelerate the entire mortgage debt, and it was dated November 4, 2009, not July 1, 2008. As that letter was sent only 5½ years before the plaintiff commenced the instant action, this action would be timely even if the letter had accelerated the debt (see CPLR 213[4]; Citibank, N.A. v Kletzky, 196 AD3d at 461). The plaintiff accelerated the entire mortgage debt when it commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage. As the instant action was commenced five years after the plaintiff commenced the 2010 action, it is not time-barred (see CPLR 213[4]; Citibank, N.A. v Kletzky, 196 AD3d at 461).
"CPLR 3101 provides that '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party'" (Bayview Loan Servicing, LLC v Charleston, 175 AD3d 1229, 1231, quoting CPLR 3101[a][1]). "Pursuant to CPLR 3124, '[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order . . . the party seeking disclosure may move to compel compliance or a response'" (Bayview Loan Servicing, LLC v Charleston, 175 AD3d at 1231). "It is within the sound discretion of the trial court to supervise disclosure and set reasonable terms and conditions therefor, and absent an improvident exercise of that discretion, its determination will not be disturbed" (Leibowitz v Babad, 175 AD3d 639, 640). Here, the Supreme Court did not improvidently exercise its discretion in denying Mecca's motion to compel the plaintiff to produce certain documents for inspection, as Mecca failed to establish that the original documents were "material and necessary to [his] [*2]affirmative defense alleging that the plaintiff lacked standing to commence this action" (Bayview Loan Servicing, LLC v Charleston, 175 AD3d at 1231 [internal quotation marks omitted]; see Leibowitz v Babad, 175 AD3d at 640).
Mecca's argument that the denial of his motion to compel was inconsistent with the dismissal of the 2010 action is without merit. The Supreme Court directed dismissal of the 2010 action "without prejudice[ ] to recommence upon proof of proper standing." The plaintiff established that it had standing to commence the instant action by attaching a copy of the note, endorsed in blank, to the complaint (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953). In opposition, Mecca failed to raise a triable issue of fact.
Mecca's remaining contention is without merit.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court