Nationstar Mtge., LLC v Grunwald (2022 NY Slip Op 02130)





Nationstar Mtge., LLC v Grunwald


2022 NY Slip Op 02130


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-03051
 (Index No. 504132/14)

[*1]Nationstar Mortgage, LLC, appellant,
v
Jonathan Grunwald, respondent, et al., defendants.


Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando and Rebecca L. Konst], of counsel), for appellant.
Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J), dated January 29, 2019. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Jonathan Grunwald, to strike his answer, for an order of reference, for leave to amend the caption to substitute U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, as the plaintiff, and to substitute Chaya Grunwald and Dina Grunwald for the "Doe" defendants, and for leave to enter a default judgment against all nonappearing defendants.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was to strike the affirmative defense of the defendant Jonathan Grunwald alleging lack of standing, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the caption to substitute U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, as the plaintiff, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.
On September 8, 2008, Jonathan Grunwald (hereinafter the defendant) executed a note in the sum of $400,000 in favor of MetLife Home Loans (hereinafter MetLife), secured by a mortgage on residential property in Brooklyn. On January 8, 2014, MetLife assigned the mortgage to Nationstar Mortgage, LLC (hereinafter the plaintiff). On or about March 18, 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant, alleging that he had defaulted on the subject mortgage loan by failing to make the monthly installment payment due July 1, 2011, and all payments due thereafter. The defendant interposed an answer asserting various affirmative defenses, including the plaintiff's lack of standing and failure to comply with RPAPL 1304. On August 19, 2016, the plaintiff assigned the mortgage "with all interest secured thereby, all liens, and any rights due or to become due thereon" to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.
On June 29, 2018, the plaintiff moved, inter alia, for summary judgment on the [*2]complaint insofar as asserted against the defendant, to strike his answer, for an order of reference, and for leave to amend the caption to substitute U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (hereinafter U.S. Bank), as the plaintiff, and to substitute Chaya Grunwald and Dina Grunwald for the "Doe" defendants. In an order dated January 29, 2019, the Supreme Court denied the plaintiff's motion, finding that the plaintiff failed to proffer proof of actual mailing of the RPAPL 1304 notices or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed. The plaintiff appeals.
As a threshold matter, the plaintiff established that it had standing to commence this action, as it attached a copy of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see Bank of N.Y. v Pigott, 200 AD3d 633, 635; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 933). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging lack of standing.
However, contrary to the plaintiff's contention, it failed to establish, prima facie, its strict compliance with the requirements of RPAPL 1304. Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103).
Here, in support of its motion, the plaintiff submitted the affidavit of Kolette Modlin, an "authorized officer" of Caliber Home Loans, Inc., "as attorney-in-fact for U.S. Bank," who attached copies of the 90-day notices that the plaintiff allegedly sent to the defendant. However, Modlin failed to attest to any knowledge that the plaintiff had a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Moreover, the copies of the 90-day notices, while bearing a notation that they were sent via certified and first-class mail, are unaccompanied by any proof of actual mailing such as mailing receipts or tracking information (see Wells Fargo Bank, N.A. v Taylor, 170 AD3d 921, 923). In light of the plaintiff's failure to establish, prima facie, its strict compliance with the 90-day notice requirement of RPAPL 1304, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar asserted against the defendant, to otherwise strike his answer, and for an order of reference.
The Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the caption to substitute U.S. Bank as the plaintiff. Leave to amend a caption to substitute an assignee for the plaintiff may properly be granted upon proof that the mortgage and underlying debt were assigned to the assignee (see CPLR 1018; Citimortgage, Inc. v Bredehorn, 160 AD3d 803; Aurora Loan Servs., LLC v Mandel, 148 AD3d 965, 967; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 983-984). Here, the plaintiff provided certified copies of documents that track the several assignments from inception to U.S. Bank. Moreover, the plaintiff established that the note was in the possession of Wells Fargo Bank, N.A., as document custodian for U.S. Bank, at the time of the plaintiff's motion. The plaintiff, therefore, established that U.S. Bank is now the real plaintiff in interest (see Aurora Loan Servs., LLC v Mandel, 148 AD3d at 967).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court