Citibank, N.A. v Jones (2022 NY Slip Op 04533)

Citibank, N.A. v Jones

2022 NY Slip Op 04533

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-04411
 (Index No. 7528/18)

[*1]Citibank, N.A., etc., respondent, 
v
Vivian Jones, etc., appellant, et al., defendants. 

Vivian Jones, Newburgh, NY, appellant pro se.
Fein, Such & Crane, Westbury, NY (Michael S. Hanusek and Mehmet Basoglu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vivian Jones appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated March 9, 2020. The order and judgment of foreclosure and sale, upon an order of the same court dated January 25, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Vivian Jones, to strike that defendant's answer and affirmative defenses, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
This action to foreclose a consolidated mortgage was commenced against, among others, the defendant Vivian Jones (hereinafter the defendant). The defendant interposed an answer, in which she asserted, inter alia, affirmative defenses alleging that the action was time-barred and that the plaintiff lacked standing. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. The defendant opposed the motion, arguing exclusively that this action was barred by the expiration of the statute of limitations. By order dated January 25, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, "provided, however, that Plaintiff is barred by the statute of limitations from recovering any payments due, or advances made, prior to October 13, 2012." The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale dated March 9, 2020, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property.
An action to foreclose a mortgage must be commenced within six years (see CPLR 213[4]). With respect to a mortgage debt payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (see Citibank, N.A. v Kletzky, 196 AD3d 459). However, even where a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due [*2]and the statute of limitations begins to run on the entire debt (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34). Acceleration of a mortgage debt requires some affirmative action evidencing the holder's election to take advantage of the accelerating provision (see U.S. Bank N.A. v Gordon, 158 AD3d 832). Since the defendant failed to produce any evidence that the mortgage debt had been accelerated, she failed to demonstrate that the complaint, to the extent that it sought to recover any payments due, or advances made, on or after October 13, 2012, was time-barred (see Bank of N.Y. Mellon v Mor, 201 AD3d 691).
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court