Bank of N.Y. Mellon v McCaffrey (2022 NY Slip Op 04619)

Bank of N.Y. Mellon v McCaffrey

2022 NY Slip Op 04619

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2019-09433
2019-09434
2019-09435
 (Index No. 1446/17)

[*1]Bank of New York Mellon, etc., respondent,
v
Shawn McCaffrey, et al., appellants.

Lawrence and Walsh, P.C., Hempstead, NY (John Tangel of counsel), for appellants.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered June 28, 2018, and an order and judgment of foreclosure and sale (one paper) of the same court (Anna Anzalone, J.) entered June 3, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied the defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeals from the orders entered June 28, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered June 28, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeals from the orders entered June 28, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendants Shawn McCaffrey and Laurie McCaffrey (hereinafter together the defendants), among others, to foreclose a mortgage on certain property in Bethpage. In their answer, the defendants, inter alia, raised the affirmative defenses of lack of standing and failure to comply with RPAPL 1303 and 1304. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered June 28, 2018, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. In a second order entered June 28, 2018, the court granted the same relief to the plaintiff, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff on the mortgage loan. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale, and the defendants opposed the motion. In an order and judgment of foreclosure and sale entered June 3, 2019, the court, inter alia, granted the plaintiff's motion and directed the foreclosure sale of the subject property. The defendants appeal.
Where, as here, the plaintiff's standing to commence the foreclosure action is placed in issue by a defendant, the plaintiff is required to prove its standing as part of its prima facie showing on its motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773; US Bank N.A. v Ballin, 158 AD3d 786, 787). A plaintiff establishes its standing to maintain a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d at 1174). The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action (see UCC 1-201[b][21][A]; 3-202[1]; 3-204; Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Here, the plaintiff established, prima facie, its standing to commence the action by attaching copies of the note, endorsed in blank by Countrywide Home Loans, Inc., the original lender, to both the summons and complaint and the certificate of merit filed therewith (see Nationstar Mtge., LLC v Grunwald, 203 AD3d 1170, 1172; Deutsche Bank Natl. Trust Co. v Mecca, 202 AD3d 1052, 1055; U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953).
The plaintiff, however, failed to demonstrate, prima facie, its compliance with RPAPL 1303. RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure" be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one- to four-family dwellings (see RPAPL 1303[1],[3]; US Bank N.A. v Nelson, 169 AD3d 110, 118, affd 36 NY3d 998). The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type (see RPAPL 1303[2]). Proper service of an RPAPL 1303 notice is a condition precedent to commencing a foreclosure action, and the plaintiff has the burden of showing compliance with the statute (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664; US Bank N.A. v Nelson, 169 AD3d at 118-119; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 167). The plaintiff's submissions, including the process server's affidavit of service and a copy of the subject notice, did not demonstrate that the notice served upon the defendant complied with the type-size requirements in RPAPL 1303 (see Bank of Am., N.A. v Keefer, 204 AD3d 970; Capital One, N.A. v Liman, 193 AD3d 808, 810).
Since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference should have been denied. The plaintiff's subsequent motion to confirm the referee's report and for a judgment of foreclosure and sale also must be denied.
Contrary to the defendants' contention, however, they were not entitled to summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's failure to comply with the notice requirements set forth in RPAPL 1303 and 1304. The defendants failed to present sufficient evidence to demonstrate, prima facie, that the condition precedent of RPAPL [*2]1303 or 1304 was not fulfilled (see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 792; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 881; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court