Wilmington Sav. Fund Socy., FSB v Racer (2023 NY Slip Op 03043)

Wilmington Sav. Fund Socy., FSB v Racer

2023 NY Slip Op 03043

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-11655
2019-11656
 (Index No. 521171/17)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Samuel Racer, appellant, et al., defendants.

Samuel Racer, Brooklyn, NY, appellant pro se.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Samuel Racer appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 18, 2019, and (2) an order of the same court, also dated July 18, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the complaint insofar as asserted against the defendant Samuel Racer, to strike so much of the answer and the fifth and eighth affirmative defenses of the defendants Samuel Racer and Elsa Racer as was asserted on behalf of the defendant Samuel Racer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were, in effect, for summary judgment on the complaint insofar as asserted against the defendant Samuel Racer, to strike so much of the answer and the fifth affirmative defense of the defendants Samuel Racer and Elsa Racer as was asserted on behalf of the defendant Samuel Racer, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the complaint insofar as asserted against the defendant Samuel Racer, to strike so much of the answer and the fifth affirmative defense of the defendants Samuel Racer and Elsa Racer as was asserted on behalf of the defendant Samuel Racer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the complaint insofar as asserted against the defendant Samuel Racer, to strike so much of the answer and the fifth affirmative defense of the defendants Samuel Racer and Elsa Racer as was asserted on behalf of the defendant Samuel Racer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from [*2]the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Samuel Racer.
The notice of appeal filed by the pro se defendant Samuel Racer purports to include himself and the pro se defendant Elsa Racer. However, because Samuel Racer is not an attorney admitted to practice law in the State of New York, he was without authority to take an appeal on behalf of Elsa Racer (see Gershon v Cunningham, 135 AD3d 816, 817; Vitiello v Merwin, 130 AD3d 609).
The plaintiff commenced this action against Samuel Racer, among others, to foreclose a mortgage on certain residential property in Brooklyn. Samuel Racer and Elsa Racer (hereinafter together the defendants) interposed an answer asserting various affirmative defenses, including as a fifth affirmative defense, the failure to comply with the notice of default provision in the mortgage agreement, and as an eighth affirmative defense, lack of standing. The plaintiff moved, inter alia, in effect, for summary judgment on the complaint insofar as asserted against Samuel Racer, to strike so much of the defendants' answer and affirmative defenses as was asserted on behalf of Samuel Racer, and for an order of reference. In an order dated July 18, 2019, the Supreme Court, among other things, granted those branches of the motion. In a second order dated July 18, 2019, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Samuel Racer appeals.
Where, as here, the plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff is required to prove its standing as part of its prima facie showing on its motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773; US Bank N.A. v Ballin, 158 AD3d 786, 787). A plaintiff establishes its standing to maintain a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Bank of N.Y. Mellon v McCaffrey, 207 AD3d 614, 616; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d at 1174). The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Contrary to Samuel Racer's contention, the plaintiff established, prima facie, its standing to commence this action by attaching to the complaint a copy of the note, which was endorsed in blank by Bank of America, N.A., which had received the note by special endorsement from the original lender (see Nationstar Mtge., LLC v Grunwald, 203 AD3d 1170, 1172; Deutsche Bank Natl. Trust Co. v Mecca, 202 AD3d 1052, 1055; U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953). Samuel Racer failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike so much of the defendants' eighth affirmative defense as was asserted on behalf of Samuel Racer.
Samuel Racer correctly contends, however, that the plaintiff failed to establish, prima facie, that it complied with the provision in the mortgage agreement requiring it to send the defendants a notice of default containing certain advisements and setting forth a 30-day cure period. The affidavit of an employee of the plaintiff's servicing agent, Justin Jenkins, was insufficient to establish that the notice was sent by first-class mail or actually delivered to the notice address if sent by other means, as required by the mortgage agreement, inasmuch as Jenkins failed to provide any evidentiary basis for his conclusion that a prior loan servicer had mailed the default letter to the defendants (see Ditech Fin., LLC v Cummings, 208 AD3d 634, 636; Deutsche Bank Natl. Trust Co. v Pariser, 207 AD3d 518, 522; U.S. Bank N.A. v Negrin, 186 AD3d 1754, 1755; Wells Fargo Bank, N.A. v McKenzie, 186 AD3d 1582, 1584).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's [*3]motion which were, in effect, for summary judgment on the complaint insofar as asserted against Samuel Racer, to strike so much of the defendants' answer and fifth affirmative defense as was asserted on behalf of Samuel Racer, and for an order of reference.
In view of our determination, we need not reach Samuel Racer's remaining contentions.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court