Deutsche Bank Natl. Trust Co. v Schmelzinger (2020 NY Slip Op 07543)





Deutsche Bank Natl. Trust Co. v Schmelzinger


2020 NY Slip Op 07543


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07283
 (Index No. 10071/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Laurence Schmelzinger, et al., appellants, et al., defendants. Hanna & Vlahakis, Brooklyn, NY (Derrick Hanna of counsel), for appellants.


Greenberg Traurig, LLP, New York, NY (Patrick G. Broderick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Laurence Schmelzinger and Anita Schmelzinger appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 24, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Laurence Schmelzinger and Anita Schmelzinger and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Laurence Schmelzinger and Anita Schmelzinger and for an order of reference are denied.
On April 16, 2007, the defendant Laurence Schmelzinger executed a note in favor of American Brokers Conduit. The note was secured by a mortgage executed by Laurence Schmelzinger and the defendant Anita Schmelzinger (hereinafter together the defendants) encumbering residential property located in Garden City. On September 9, 2011, the mortgage was assigned to the plaintiff.
On November 19, 2015, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The defendants interposed an answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order entered May 24, 2017, the Supreme Court granted those branches of the plaintiff's motion. The defendants appeal.
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing as part of its prima facie showing on its motion for summary judgment (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773; US Bank N.A. v Ballin, 158 AD3d 786, 787). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 773 [internal quotation marks omitted]; see LNV Corp. v Francois, 134 AD3d 1071, 1072). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank N.A. v [*2]22 S. Madison, LLC, 179 AD3d at 773-774 [internal quotation marks omitted]; see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. The plaintiff failed to present admissible evidence establishing that the plaintiff or its counsel was in possession of the note at the time of commencement of the action. In support of its motion, the plaintiff submitted the affidavit of Howard R. Handville, a senior loan analyst at Ocwen Financial Corporation whose indirect subsidiary is Ocwen Loan Servicing, LLC (hereinafter Ocwen), the plaintiff's loan servicer. Handville attested that he reviewed the servicing records maintained by Ocwen in its ordinary course of business, that prior servicers' records were integrated into Ocwen's records and relied upon by Ocwen and that "[b]ased on [his] review of the Servicing Records, the original Note and Mortgage for the Loan were physically delivered to Plaintiff's custodian on April 25, 2007, prior to the commencement of this foreclosure action." Handville further averred that "[s]ince that date, the original Note and Mortgage have remained in the physical possession of Plaintiff or its counsel." Even if Handville's affidavit was sufficient to lay a proper foundation for the admission of the "Servicing Records," the affidavit was insufficient to establish standing because the records themselves were not submitted by the plaintiff. "'[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted' (Bank of N.Y. Mellon v Gordon, 171 AD3d [197,] 205), and 'a witness's description of a document not admitted into evidence is hearsay' (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774)" (Selene Fin., L.P. v Coleman, 187 AD3d 1082, 1085).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In light of our determination, the defendants' remaining contentions need not be reached.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court