HSBC Bank USA, N.A. v Nelson (2021 NY Slip Op 00302)





HSBC Bank USA, N.A. v Nelson


2021 NY Slip Op 00302


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-10238
 (Index No. 12408/13)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Safiya Nelson, appellant, et al., defendants.


Rozario & Associates, P.C., New York, NY (Rovin R. Rozario of counsel), for appellant.
Hogan Lovells US LLP and Shapiro, DiCaro & Barak LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Safiya Nelson appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated April 9, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated June 26, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike her affirmative defenses, and for an order of reference, inter alia, granted the plaintiff's motion, inter alia, to confirm the report of the referee, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In July 2013, the plaintiff commenced this action against Safiya Nelson (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property in Brooklyn. The defendant interposed an answer asserting, among other things, the affirmative defenses of lack of standing and the plaintiff's failure to satisfy a condition precedent to foreclosure. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses, and for an order of reference. In an order dated June 26, 2017, the Supreme Court granted the motion and subsequently entered an order and
judgment of foreclosure and sale dated April 9, 2018. The defendant appeals from the order and judgment of foreclosure and sale.
"In a mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (LaSalle Bank, N.A. v Zaks, 138 AD3d 788, 788; see U.S. Bank N.A. v Seeley, 177 AD3d 933, 934). Furthermore, where, as here, it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, "the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012; see RBS Citizens, N.A. v Galperin, 135 AD3d 735, 736). Here, in support of its motion for summary judgment, the plaintiff submitted an affidavit from a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the loan servicer for the plaintiff. The affidavit described a standard office procedure to ensure that notices of default are [*2]timely delivered, established the affiant's personal knowledge of that procedure, and explained, based on the content of Wells Fargo's books and records, that the procedure was followed here. This affidavit, coupled with the copies of Wells Fargo's records which were attached as exhibits, were sufficient to establish that the plaintiff complied with the condition precedent according to the terms of the mortgage (see PennyMac Corp. v Arora, 184 AD3d 652, 655-656; Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 852-853). The plaintiff's evidence established that the mailing of the notice of default by first-class mail created a rebuttable presumption that it was delivered to the defendant (see Grogg v South Rd. Assoc., L.P., 74 AD3d 1021, 1022). In opposition, the defendant failed to raise a triable issue of fact as to whether she received the required notice of default (see id. at 1022).
Where, as here, "the plaintiff's standing has been placed in issue by reason of the defendant's answer, the plaintiff additionally must prove its standing as part of its prima facie showing" (Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651; see U.S. Bank N.A. v Seeley, 177 AD3d at 934). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note" (U.S. Bank N.A. v Seeley, 177 AD3d at 935; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Here, the affidavit submitted in support of the plaintiff's motion for summary judgment, together with, inter alia, a copy of the note, endorsed in blank, and the assignment dated September 25, 2009, demonstrated, prima facie, that the plaintiff had physical possession of the note prior to the commencement of the action (see JPMorgan Chase Bank, N.A. v Caliguri, ___ NY3d ___, 2020 NY Slip Op 07660). Under such circumstances, it is "unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (U.S. Bank N.A. v Seeley, 177 AD3d at 935; see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). In opposition, the defendant failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court