HSBC Bank USA, N.A. v Boursiquot (2022 NY Slip Op 02782)

HSBC Bank USA, N.A. v Boursiquot

2022 NY Slip Op 02782

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-09068
 (Index No. 6450/10)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Denise Boursiquot, appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Joseph Jacobson of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York, NY (Matthew B. Johnson and Jacqueline M. Aiello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Queens County (Sally Unger, J.), entered December 17, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to ascertain and compute the amount due and owing to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to ascertain and compute the amount due and owing to the plaintiff are denied.
In April 2006, the defendant executed a note in the sum of $386,000 in favor of nonparty Fremont Investment & Loan (hereinafter Fremont). The note was secured by a mortgage on real property in Queens County. In or about March 2010, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses, including lack of standing, and failure to serve a notice of default in accordance with the terms of the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to compute the amount due and owing to the plaintiff. The defendant opposed the motion. In an order entered December 17, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to compute the amount due and owing to the plaintiff. The defendant appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see Capital One, N.A. v Liman, 193 AD3d 808, 809; Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873). Where, as here, the plaintiff's standing to commence the foreclosure action is placed in issue by a defendant, the plaintiff is required to prove its standing as part of its prima facie showing on its motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174; U.S. Bank N.A. [*2]v 22 S. Madison, LLC, 170 AD3d 772, 773; US Bank, N.A. v Ballin, 158 AD3d 786, 787). A plaintiff establishes its standing to maintain a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d at 1174). The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; UCC 1-201[b][21][A]; 3-202[1]; 3-204).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. In support of its motion, the plaintiff asserted that it was the holder of the note at the time the action was commenced. However, the plaintiff failed to present admissible evidence establishing that it was in possession of the note, endorsed in blank or specially to it, at the time the action was commenced in or about March 2010. The plaintiff relied upon the affidavit of Nichelle Jones, a senior loan analyst of Ocwen Financial Corporation whose indirect subsidiary is Ocwen Loan Services, LLC (hereinafter Ocwen), the plaintiff's loan servicer. Jones attested that she reviewed the servicing records maintained by Ocwen in its ordinary course of business, that a prior servicer's records were integrated into Ocwen's records and relied upon by Ocwen, and that, based upon her review, "Ocwen's Servicing Records" reflect that the note was physically delivered on April 28, 2006, to Wells Fargo Bank, N.A., which, Jones attested, serves as custodian on behalf of the plaintiff pursuant to a pooling and servicing agreement dated October 1, 2006. Jones further averred that the plaintiff "continues to be the owner and holder of the Note." Even if Jones' affidavit were sufficient to lay a proper foundation for the admission of "Ocwen's Servicing Records," no records were submitted therewith which establish that the plaintiff was the holder of the note when this action was commenced (see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d at 1175). Although the foundation for the admission of a business record may be provided by the testimony of the custodian, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N. Y. Mellon v Gordon, 171 AD3d 197, 205; see CPLR 4518[a]; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d at 1175; Selene Fin., L.P. v Coleman, 187 AD3d 1082, 1085). "Without submission of the business records, a witness's testimony as to the contents of the records is inadmissable hearsay" (Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 936; see Bank of N.Y. Mellon v Deas, 200 AD3d 1023, 1024; SK Indus., LLC v Jackson, 198 AD3d 830, 831).
The plaintiff also failed to establish, prima facie, that it complied with the notice requirement of paragraph 22 of the mortgage. "Where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012; see HSBC Bank USA, N.A. v Nelson, 190 AD3d 842, 843; RBS Citizens, N.A. v Galperin, 135 AD3d 735, 736). Here, the plaintiff failed to establish that the required notice of default was mailed to the defendant in accordance with the terms of the mortgage (see JP Morgan Chase Bank, N.A. v Gold, 188 AD3d 1019, 1021; Deutsche Bank Natl. Trust Co. v Buah, 187 AD3d 851, 853; U.S. Bank N.A. v Kochhar, 176 AD3d at 1012).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and to appoint a referee to ascertain and compute the amount due and owing to the plaintiff. In light of our determination, the defendant's remaining contentions need not be reached.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court