HSBC Bank USA, N.A. v Martin (2022 NY Slip Op 06471)

HSBC Bank USA, N.A. v Martin

2022 NY Slip Op 06471

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-14097
 (Index No. 10479/13)

[*1]HSBC Bank USA, N.A., appellant, 
v
Cindy Martin, respondent, et al., defendants.

Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Daniel G. Eugene of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (David Elliot, J.), dated September 13, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Cindy Martin, to strike that defendant's second affirmative defense, for leave to enter a default judgment against the remaining defendants, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants other than Cindy Martin, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Cindy Martin.
The defendant Cindy Martin (hereinafter the defendant) executed a note in the amount of $416,000, which debt was secured by a mortgage on real property located in Jamaica, Queens. The plaintiff commenced this action to foreclose the mortgage against the defendant, among others, by filing a summons and complaint on or about May 28, 2013. The defendant timely answered the complaint. By stipulation, the parties agreed that the plaintiff would file an amended complaint, which the defendant would be permitted to answer.
On May 11, 2017, the plaintiff filed a supplemental summons and amended complaint. The amended complaint alleged, inter alia, that the defendant was in default on her mortgage payments as of June 1, 2007. The defendant interposed an answer to the amended complaint asserting, among other things, the affirmative defense that the plaintiff did not comply with RPAPL 1304. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her affirmative defense alleging noncompliance with RPAPL 1304, for leave to enter a default judgment against the remaining defendants, and for an order of reference. In an order dated September 13, 2019, the Supreme Court denied those branches of the plaintiff's motion, and the plaintiff appeals.
"In a residential foreclosure action, a plaintiff moving for summary judgment must [*2]tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]). "RPAPL 1304(1) provides that, 'at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower.' The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1129). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signature, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Everbank v Greisman, 180 AD3d 758, 760).
Here, the plaintiff failed to demonstrate, prima facie, that it strictly complied with the mailing requirements of RPAPL 1304. The affidavit of Daniel Delpesche, a contract management coordinator for the plaintiff's attorney-in-fact, Ocwen Loan Servicing, LLC (hereinafter Ocwen), did not make the requisite showing that Delpesche was familiar with Ocwen's mailing practices and procedures, and "therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1092; see Ocwen Loan Servicing, LLC v Sirianni, 202 AD3d 702; U.S. Bank N.A. v Krakoff, 199 AD3d 859; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's second affirmative defense, and for an order of reference.
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the remaining defendants. Contrary to the court's determination, since the remaining defendants defaulted in appearing and answering the complaint, they were not entitled to service of additional papers in the action, including the amended complaint, which did not assert any new or additional claims for relief (see CPLR 2103, 3012[a]; NYCTL-1 Trust v. Liberty Bay Realty Corp., 21 AD3d 1013, 1014).
The plaintiff's remaining contention need not be reached in light of our determination.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court