OneWest Bank, FSB v Fraiser (2022 NY Slip Op 06708)

OneWest Bank, FSB v Fraiser

2022 NY Slip Op 06708

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-02819
 (Index No. 62079/13)

[*1]OneWest Bank, FSB, appellant, 
v
Carol Fraiser, respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 27, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Carol Fraiser, to strike her answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In August 2013, the plaintiff, OneWest Bank, FSB, commenced this action against the defendant Carol Fraiser (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Peekskill. The defendant interposed an answer, generally denying the allegations in the complaint and asserting, among other affirmative defenses, that the plaintiff lacked standing to commence the action. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion. In an order dated January 27, 2020, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 981; see Citimortgage, Inc. v Doomes, 202 AD3d 752, 753). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 981; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982). "The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence this action. In support of its motion, the plaintiff asserted that it was the holder of the note at the time the action was commenced. However, the plaintiff failed to present admissible evidence establishing that it was in possession of the note, which was endorsed in blank, at the time the action was commenced in August 2013. The plaintiff relied upon the affidavit of Jon Dickerson, a director of "CIT Bank, N.A. f/k/a OneWest Bank N.A. f/k/a OneWest Bank, FSB." Dickerson attested that he reviewed the business records maintained by his employer in its ordinary course of business, that a prior servicer's records were integrated into his employer's records and relied upon by his employer, and that, based upon his review, "OneWest Bank, FSB received physical delivery of the original Note on September 17, 2007 and remained in possession, and the holder, of the Note when this action was commenced." Even if Dickerson's affidavit was sufficient to lay a proper foundation for the admission of his employer's business records, "no records were submitted therewith which establish that the plaintiff was the holder of the note when this action was commenced" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982; see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1175). "Although the foundation for the admission of a business record may be provided by the testimony of the custodian, 'it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; see CPLR 4518[a]). "'Without submission of the business records, a witness's testimony as to the contents of the records is inadmissible hearsay'" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982-983, quoting Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 936).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court