31st St. Funding, LLC v Majostan Corp. (2023 NY Slip Op 00974)

31st St. Funding, LLC v Majostan Corp.

2023 NY Slip Op 00974

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-02407
 (Index No. 706660/19)

[*1]31st Street Funding, LLC, respondent,
v
Majostan Corp., et al., appellants, et al., defendants.

Rosalyn Maldonado, P.C., Valley Stream, NY, for appellants.
Vallely Law, PLLC, Syosset, NY (Erick Vallely and Natalia Thomas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Majostan Corp. and Andrew Moulinos appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 28, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, Majostan Corp. and its president, Andrew Moulinos (hereinafter together the defendants), to foreclose a mortgage encumbering certain property located in Queens. The defendants interposed an answer asserting, among other affirmative defenses, that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order entered January 28, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. The defendants appeal, and we affirm.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default" (Citimortgage, Inc. v Doomes, 202 AD3d 752, 753; US Bank, N.A. v Rufai, 202 AD3d 716, 718; HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 981; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 981). "The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action" (HSBC Bank USA, N.A. v [*2]Boursiquot, 204 AD3d at 982; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361).
Here, in support of its motion, the plaintiff submitted the note, the mortgage, and proof of default in payment. The plaintiff additionally established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see Citimortgage, Inc. v Doomes, 202 AD3d at 753-754). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Since the plaintiff does not base its claim of standing on an assignment of the note, but on its physical possession thereof, the defendants' argument as to the validity of the assignment of mortgage is irrelevant (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 869, citing Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135).
The defendants' remaining contentions are without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court