HSBC Bank USA, N.A. v Sene (2023 NY Slip Op 04757)

HSBC Bank USA, N.A. v Sene

2023 NY Slip Op 04757

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-09133
 (Index No. 18600/09)

[*1]HSBC Bank USA, N.A., etc., appellant, 
v
Marie Sene, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri and Schuyler B. Kraus of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 2, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Marie Sene and dismissing her affirmative defenses and counterclaims, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the affirmative defenses, other than those alleging lack of standing and failure to comply with conditions precedent, and counterclaims of the defendant Marie Sene, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant Marie Sene (hereinafter the defendant) executed a note that was secured by a mortgage on real property located in Brooklyn. Subsequently, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer in which she asserted affirmative defenses, including affirmative defenses alleging lack of standing and failure to comply with conditions precedent, and counterclaims. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defenses and counterclaims, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. In an order dated December 2, 2019, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"[T]o establish prima facie entitlement to judgment as a matter of law in a foreclosure [*2]action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default" (Citimortgage, Inc. v Doomes, 202 AD3d 752, 753). Additionally, where, as here, the plaintiff's standing has been placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 981).
The plaintiff failed to establish, prima facie, its standing to commence this action. A plaintiff has standing to commence a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 981). "The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). "[T]he mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, in support of its motion, the plaintiff submitted an affidavit from Sony Prudent, a senior loan analyst for Ocwen Financial Corporation, "whose indirect subsidiary is Ocwen Loan Servicing, LLC . . . , the loan servicer and attorney-in-fact for plaintiff." Prudent's statement that the plaintiff had standing because the note was physically delivered to the plaintiff prior to the commencement of the action, however, was not based on personal knowledge and was unsupported by any documentary evidence, including business records, and thus, was inadmissible hearsay (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1175). Prudent otherwise stated that the plaintiff was an assignee of the note in accordance the terms of a certain pooling and servicing agreement (hereinafter PSA), excerpts of which were submitted in support of the motion. However, since the plaintiff failed to submit the mortgage loan schedule to the PSA, which would have shown whether the note was assigned to the subject trust, the plaintiff failed to demonstrate that, as trustee under the PSA, it had standing as an assignee of the note under the PSA (see Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878, 882; cf. US Bank N.A. v Davis, 196 AD3d 530, 532). Furthermore, the plaintiff failed to establish its standing by virtue of a written assignment of mortgage (see U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1015; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 683). The material submitted by the plaintiff for the first time in reply could not be used to satisfy the plaintiff's prima facie burden (see Emigrant Bank v Cohen, 205 AD3d 103, 113; U.S. Bank N.A. v Laino, 172 AD3d 947, 948).
Additionally, the plaintiff failed to demonstrate, prima facie, that it complied with notice requirements. Prudent stated that a review of business records of Ocwen Loan Servicing, LLC, confirmed that a 90-day notice was sent via certified and first-class mail on February 1, 2009. However, not only does the purported 90-day notice dated February 1, 2009, predate the alleged default on March 1, 2009, but Prudent "did not aver that [Prudent] had personal knowledge of the mailings, did not describe a standard office mailing procedure designed to ensure that items were properly addressed and mailed, and did not attach domestic return receipts or other evidence to demonstrate the actual mailings by certified mail or first-class mail" (U.S. Bank N.A. v Thomas, 211 AD3d 1078, 1080; see HSBC Bank USA, N.A. v Martin, 210 AD3d 872, 873-874). Likewise, the plaintiff failed to establish, prima facie, that a notice of default in accordance with paragraphs 15 and 22 of the mortgage agreement was properly transmitted to the defendant prior to the commencement [*3]of this action (see Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 970). The plaintiff could not rely on material submitted in reply to satisfy its prima facie burden (see U.S. Bank N.A. v Hammer, 192 AD3d 846, 849).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defenses alleging lack of standing and failure to comply with conditions precedent, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's affirmative defenses other than those alleging lack of standing and failure to comply with conditions precedent and the defendant's counterclaims. The plaintiff demonstrated, prima facie, that those affirmative defenses and counterclaims were waived, without merit, or conclusory in nature and contained no factual allegations (see CPLR 3211[e]; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 721-722). In opposition, the defendant failed to raise a triable issue of fact.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court