HSBC Bank USA, N.A. v Pacifico (2024 NY Slip Op 04198)

HSBC Bank USA, N.A. v Pacifico

2024 NY Slip Op 04198

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-04225
 (Index No. 1625/12)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Joseph H. Pacifico, Jr., appellant, et al., defendants.

Law Office of Jason Tenenbaum, P.C., Melville, NY, for appellant.
McCabe Weisberg & Conway, LLC, Melville, NY (Kenneth O. Britt of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph H. Pacifico, Jr., appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated May 9, 2022. The order denied that branch of that defendant's motion which was to vacate so much of an order of the same court (Howard H. Heckman, Jr., J.) dated August 27, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and thereupon, to deny those branches of the plaintiff's motion.
ORDERED that the order dated May 9, 2022, is reversed, on the law, with costs, and that branch of the motion of the defendant Joseph H. Pacifico, Jr., which was to vacate so much of the order dated August 27, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and thereupon, to deny those branches of the plaintiff's motion is granted.
The plaintiff commenced this action to foreclose a mortgage on certain residential property located in Huntington. The defendant Joseph H. Pacifico, Jr. (hereinafter the defendant), interposed an answer asserting various affirmative defenses including lack of standing. In or about April 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant submitted opposition papers. However, the plaintiff rejected the defendant's opposition papers as untimely. By order dated August 27, 2018, the Supreme Court granted the plaintiff's motion as unopposed.
The defendant subsequently moved, among other things, (1) to vacate so much of the order dated August 27, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and thereupon, to deny those branches of the plaintiff's motion, or (2), in the alternative, for leave to reargue his opposition to those branches of the plaintiff's motion. By order dated November 14, 2018, the Supreme Court denied that branch of the defendant's motion which was for leave to reargue. The defendant appealed, but this Court dismissed the appeal on the ground [*2]that no appeals lies from an order denying reargument (see HSBC Bank USA, N.A. v Pacifico, 194 AD3d 1029, 1030). This Court additionally noted that the defendant's contentions concerning that branch of his motion which was to vacate so much of the order dated August 27, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and thereupon, to deny those branches of the plaintiff's motion were not properly this Court on that appeal, as that branch of the defendant's motion remained pending and undecided (see id. at 1030-1031, citing Katz v Katz, 68 AD3d 536).
In an order dated May 9, 2022, the Supreme Court denied that branch of the defendant's motion which was to vacate so much of the order dated August 27, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and thereupon, to deny those branches of the plaintiff's motion. The defendant appeals.
CPLR 5015(a) provides that a court "which rendered a judgment or order may relieve a party from it upon such terms as may be just." In addition to the specific grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225-226; Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788). However, "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see LaSalle Bank, N.A. v Delice, 175 AD3d 1283, 1284). A court should only exercise its discretionary authority to vacate a judgment in the interests of substantial justice where "unique or unusual circumstances . . . warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 719).
Here, in support of his motion, the defendant presented evidence that the Supreme Court overlooked the fact that it had extended his time to serve opposition papers, and that he served the opposition papers in accordance with that extension (see CPLR 2004). In any event, even if the defendant's opposition papers were not timely, the court had the discretion to consider them pursuant to CPLR 2214(c) (see Fernandez v City of Yonkers, 139 AD3d 895, 896). Indeed, a court may, in its discretion, accept late papers, should the delinquent party provide a valid excuse (see Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1130; Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629). The court may consider "'[a]dditional factors relevant . . . includ[ing], among others, the length of the delay and any prejudice'" (Payne v Buffalo Gen. Hosp., 96 AD3d at 1629, quoting Mallards Dairy, LLC v E & M Engrs. & Surveyors, P.C., 71 AD3d 1415, 1416). In this case, the delay was minimal and the plaintiff was not prejudiced thereby. Moreover, the defendant demonstrated a potentially meritorious opposition to the motion.
Upon vacating the defendant's default in opposing the plaintiff's motion, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 981; see Citimortgage, Inc. v Doomes, 202 AD3d 752, 753). Additionally, where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 981; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982). "The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed [*3]in blank or specially to it prior to the commencement of the foreclosure action" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361).
Here, in support of its motion, the plaintiff relied upon, among other things, an affidavit of possession of Catherine Ubinas, a vice president of Ocwen Loan Servicing, LLC (hereinafter Ocwen), and an affidavit of Pamela Ballard, also a vice president of Ocwen. Based upon her review of the business records related to the servicing of the subject mortgage, Ubinas stated that the plaintiff came into possession of the original note on October 26, 2011, and that the plaintiff was in possession of the note when this action was commenced. Similarly, Ballard stated that based upon her review of the servicing records, the plaintiff was in possession of the note at the time of commencement of this action. However, "'[i]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1175, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [internal quotation marks omitted]). Thus, "[w]hile a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [citation omitted]). In addition, "'[a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures'" (id., quoting Citibank, N.A. v Cabrera, 130 AD3d 861, 861). Here, neither affidavit relied upon by the plaintiff to establish its physical possession of the note stated that the affiant had personal knowledge of either Ocwen's or the plaintiff's record-keeping practices, and the affiants did not annex the records that they relied upon to their affidavits. Thus, the affidavits were inadmissible hearsay lacking in evidentiary value.
Likewise, without the submission of the business records upon which she relied, Ballard's assertions regarding the defendant's alleged default on the loan were inadmissible (see MTGLQ Invs., L.P. v Rashid, 213 AD3d 839, 840; Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689).
Under the circumstances, the Supreme Court should have granted that branch of the defendant's motion which was to vacate so much of the order dated August 27, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference, and thereupon, to deny those branches of the plaintiff's motion.
We need not reach the defendant's remaining contention in light of our determination.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court