Nationstar Mortage, LLC v Guarino (2025 NY Slip Op 02925)

Nationstar Mortage, LLC v Guarino

2025 NY Slip Op 02925

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-09118
 (Index No. 705413/14)

[*1]Nationstar Mortage, LLC, respondent,
v
Patrick Guarino, etc., appellant, et al., defendants.

Queens Legal Services, Jamaica, NY (Emily Corcione of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patrick Guarino appeals from an order of the Supreme Court, Queens County (Lance P. Evans, J.), entered September 23, 2022. The order, insofar as appealed from, upon a decision of the same court (Mojgan C. Lancman, J.) dated September 22, 2020, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Patrick Guarino, to strike that defendant's answer and affirmative defenses, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Patrick Guarino, to strike that defendant's answer and affirmative defenses, and for an order of reference are denied.
In June 2006, Robert Guarino (hereinafter the decedent) executed a note in the principal sum of $300,000 in favor of E-Loan, Inc. The note was secured by a mortgage on certain real property located in Maspeth. In August 2012, the decedent died.
In August 2014, the plaintiff commenced this action against the administrator of the decedent's estate, among others, to foreclose the mortgage. In June 2017, the plaintiff served and filed a supplemental summons and amended complaint naming Patrick Guarino (hereinafter the defendant), as heir and distributee of the decedent's estate, as a defendant. The defendant interposed an answer in which he asserted, as an affirmative defense, that the plaintiff lacked standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. In support, the plaintiff submitted, among other things, an affidavit from Talya Harris, a document execution specialist employed by the plaintiff. Harris averred that the plaintiff "received physical delivery of the original Note on September 5, 2013 and remained in possession, and the holder, of the Note when this action was commenced on August 1, 2014." The defendant opposed the motion, arguing, inter alia, that the plaintiff lacked standing.
In an order entered September 23, 2022, the Supreme Court, among other things, upon a decision dated September 22, 2020, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference because the plaintiff failed to establish, prima facie, that it had standing to commence this action. "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Hadar, 206 AD3d 688, 689; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see U.S. Bank N.A. v Hadar, 206 AD3d at 689).
"Although [t]he foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation and internal quotation marks omitted]). Without the introduction of the records themselves, "a witness's testimony as to the contents of the records is inadmissible hearsay" (id. at 206 [internal quotation marks omitted]; see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851).
Here, the plaintiff relied on Harris's affidavit to demonstrate that it had possession of the note prior to commencing this action. Harris averred, in relevant part, that the plaintiff received physical delivery of the original note on September 5, 2013. As the defendant correctly notes, Harris failed to attach any business record to her affidavit to demonstrate that fact or to aver that she had personal knowledge of the physical delivery of the note. Accordingly, Harris's averment that the plaintiff had possession of the note prior to the commencement of this action was inadmissible hearsay and insufficient to establish, prima facie, the plaintiff's standing (see HSBC Bank USA, N.A. v Sene, 219 AD3d 1499, 1500-1501; OneWest Bank, FSB v Fraiser, 210 AD3d 994, 995-996).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court