### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 14, 2016          520683
_____

GREEN PLANET SERVICING, LLC,

              Respondent,

      v                                 MEMORANDUM AND ORDER

DAWN M. MARTIN,

              Appellant.
_____


Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____


      David B. Gilbert, Middletown, for appellant.

      Peter T. Roach and Associates, PC, Syosset (Michael C. Manniello of counsel), for respondent.

_____


Aarons, J.

      Appeals (1) from an order of the Supreme Court (Elliott III, J.), entered February 5, 2015 in Greene County, which, among other things, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

      Selene Finance commenced this mortgage foreclosure action alleging that defendant defaulted on a note secured by a mortgage.  After joinder of issue, Selene Finance, moved for, among other things, summary judgment striking defendant's answer and appointing a referee to compute the total amount owed and to substitute plaintiff, the current holder of the note and mortgage, in its place in this action.  In January 2015, Supreme Court granted the motion.  Plaintiff thereafter moved for a judgment and foreclosure of sale of defendant's property.  In May 2015, a judgment was entered in favor of plaintiff.  Defendant

appeals from both the order granting summary judgment and the judgment entered thereon, contending that Supreme Court erred in granting the summary judgment motion.

A plaintiff generally satisfies its summary judgment burden in a mortgage foreclosure action by submitting a copy of the mortgage, the unpaid note and evidence of the defendant's default (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]).  Where a defendant alleges that the plaintiff failed to comply with a condition precedent set forth in the loan documents to foreclose on a mortgage, as part of its prima facie showing, the plaintiff must establish compliance with such condition precedent (see Onewest Bank, FSB v Smith, 135 AD3d 1063, 1065 [2016]; RBS Citizens, N.A. v Galperin, 135 AD3d 735, 736 [2016]).

Defendant argues, and we agree, that plaintiff failed to show that it complied with certain federal regulations applicable to her mortgage that was insured by the Federal Housing Administration, a defense that defendant validly asserted in her answer.  As relevant here, it was incumbent upon plaintiff, prior to commencing this action, to have a face-to-face meeting with defendant, or, at the very least, make reasonable efforts to arrange such a meeting before three full monthly installments due on the mortgage became unpaid (see 24 CFR 203.604 [b]; 203.606 [a]).  Plaintiff's submissions are wholly devoid of any proof, explanation or argument showing that it met these federal regulations or that it was exempt from complying with them (see 24 CFR 203.604 [c]; 203.606 [b]).  We therefore conclude that plaintiff failed to satisfy its burden on its motion and that the summary judgment motion should have been denied regardless of the sufficiency of defendant's opposition papers (see Onewest Bank, FSB v Smith, 135 AD3d at 1065).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the order and judgment are reversed, on the law, with costs, and motion denied.

ENTER:

Robert D. Mayberger
Clerk of the Court