Bank of N.Y. Mellon v Itzkowitz (2020 NY Slip Op 04909)





Bank of N.Y. Mellon v Itzkowitz


2020 NY Slip Op 04909


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2017-11384
 (Index No. 503289/12)

[*1]Bank of New York Mellon, etc., appellant,
v
Joseph Itzkowitz, et al., respondents, et al., defendants.


Bryan Cave Leighton Paisner LLP, New York, NY (Suzanne M. Berger and Robert N. Rothberg of counsel), for appellant.
Petroff Amshen LLP, Staten Island, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney), dated August 30, 2017. The order, insofar as appealed from, denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants Joseph Itzkowitz and Miriam Itzkowitz.
ORDERED that the order is affirmed insofar as appealed from, with costs.
At the time this mortgage foreclosure action was commenced, the plaintiff attached as an exhibit to the complaint a copy of the subject mortgage note, which contained an undated allonge indorsing the note from the original lender to Countrywide Bank, NA, as well as two subsequent indorsements: one from Countrywide Bank, NA, to Countrywide Home Loans, Inc., and the second, in blank, from Countrywide Home Loans, Inc.
In their answer, the defendants Joseph Itzkowitz and Miriam Itzkowitz (hereinafter together the defendants) alleged the existence of a different version of the mortgage note, which they had recently received in response to a qualified written request addressed to the plaintiff's mortgage servicer. This version of the note, which the defendants attached as an exhibit to their answer, contained no allonge, and only a single indorsement from the original lender to Countywide Bank, NA.
After joinder of issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, relying on the version of the note attached to the complaint to establish its standing and offering no explanation for the alternate version of the note which the plaintiff submitted as an exhibit to its motion as part of the defendants' answer. The defendants opposed the motion, arguing, in relevant part, that the unexplained existence of two different versions of the mortgage note presented unresolved issues of fact regarding the plaintiff's standing. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants, and the plaintiff appeals.
Contrary to the plaintiff's contention, the evidence submitted in support of the plaintiff's motion, which included two different versions of the mortgage note—only one of which was indorsed in blank—was insufficient to establish, prima facie, the plaintiff's standing (see Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638).
Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants.
The plaintiff's remaining contentions are not properly before this Court (see Katz v Katz, 68 AD2d 536).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court