Federal Natl. Mtge. Assn. v Suarez (2020 NY Slip Op 07166)





Federal Natl. Mtge. Assn. v Suarez


2020 NY Slip Op 07166


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2017-10419
 (Index No. 22799/09)

[*1]Federal National Mortgage Association, respondent, 
v
Rodolfo Suarez, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rodolfo Suarez appeals from an order of the Supreme Court, Queens County (Bernice D. Siegal, J.), dated June 30, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Rodolfo Suarez (hereinafter the defendant). The defendant was personally served with the summons and complaint on August 26, 2009, but failed to timely respond thereto. The defendant appeared in this action by notice of appearance dated December 30, 2009. Thereafter, the parties unsuccessfully attempted to reach a settlement, and the matter was then stayed for nearly four years while the defendant sought bankruptcy protection. The defendant's bankruptcy petitions were unsuccessful, and in November 2016, the defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action, contending that the plaintiff had failed to allege that it had complied with a condition precedent, namely, federal Housing and Urban Development (hereinafter HUD) regulations promulgated under 24 CFR § 203.604 that require, among other things, a "face-to-face" meeting between the mortgagee and mortgagor prior to commencing a foreclosure action. The Supreme Court, inter alia, denied that branch of the motion, and the defendant appeals.
We agree with the Supreme Court's denial of that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him for failure to state a cause of action. First, "a facially adequate cause of action to foreclose a mortgage requires allegations regarding the existence of the mortgage, the unpaid note, and the defendant's default thereunder" (US Bank N.A. v Nelson, 169 AD3d 110, 113). Affording, as we must, the pleading a liberal construction, accepting all facts as alleged to be true, and according the plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d [*2]595, 596; U.S. Bank N.A. v Herman, 174 AD3d 831), we find that the complaint was facially adequate to state a cause of action to foreclose a mortgage. In addition, "[t]he performance or occurrence of a condition precedent in a contract need not be pleaded" (CPLR 3015[a]), and therefore the plaintiff was not required to plead compliance with those provisions of the mortgage document requiring compliance with HUD regulations (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d at 597; see also US Bank N.A. v Quacoe, 174 AD3d 832, 833; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 823; Green Planet Servicing, LLC v Martin, 141 AD3d 892, 893; cf. First Natl. Bank of Chicago v Silver, 73 AD3d 162, 169).
The parties' remaining contentions need not be reached in light of our determination.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court