Partners for Payment Relief DE IV, LLC v Ramadan (2021 NY Slip Op 00182)





Partners for Payment Relief DE IV, LLC v Ramadan


2021 NY Slip Op 00182


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-03254 
2019-04608
 (Index No. 60367/16)

[*1]Partners for Payment Relief DE IV, LLC, respondent,
v
Yusuf Ramadan, et al., appellants, et al., defendants.


Davis, Ndanusa, Ikhlas, Saleem, LLP, Brooklyn, NY (Mustapha Ndanusa of counsel), for appellants.
The Margolin & Weinreb Law Group, LLP, Syosset, NY (Tiffany L. Henry of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yusuf Ramadan and Margaret Faustin appeal from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated February 22, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated February 22, 2019. The order, inter alia, granted the plaintiff's motion, among other things, for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, inter alia, directed the sale of the subject property. The appeal from the order and judgment of foreclosure and sale brings up for review an order of the same court dated July 16, 2018, which, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Yusuf Ramadan and Margaret Faustin, to strike those defendants' answer and counterclaims, and to appoint a referee to compute the amount due and owing to the plaintiff.
ORDERED that the appeal from the order dated February 22, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Yusuf Ramadan and Margaret Faustin, to strike those defendants' answer and counterclaims, and to appoint a referee to compute the amount due and owing to the plaintiff are denied, the plaintiff's motion, inter alia, for a judgment of foreclosure and sale is denied, and the orders dated February 22, 2019, and July 16, 2018, are modified accordingly; and it is further
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the order dated February 22, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure [*2]and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this mortgage foreclosure action in July 2016, based on a purported note dated June 27, 2000 (hereinafter the note), and secured by a credit line mortgage on certain real property owned by the defendants Yusuf Ramadan and Margaret Faustin (hereinafter together the defendants). The note, which had a stated term of 10 years, was indorsed in blank by the original lender and bore two stamps on the first page: one stating "PAID IN FULL" and the second stating "STAMPED IN ERROR."
The defendants joined issue and asserted a number of affirmative defenses and counterclaims. Insofar as relevant to this appeal, the defendants alleged that the underlying debt had been paid in full, and attached, as an exhibit to its pleading, a copy of the note bearing only the "PAID IN FULL" stamp but not the additional "STAMPED IN ERROR" notation contained in the plaintiff's version of the note. The defendants, pointing to the note's 10-year maturity date, further alleged that the underlying debt had "expired" and that the plaintiff was "seeking to establish standing for a non-existent debt." The defendants also alleged that the plaintiff failed to comply with the notice requirements of RPAPL 1304.
In support of its motion, inter alia, for summary judgment on the complaint, the plaintiff made no attempt to provide any explanation for the discrepancy between the plaintiff's copy of the note and the defendant's copy of the note, or to refute the defendants' allegations that the underlying debt had either expired or been repaid in full (see Bank of N.Y. Mellon v Itzkowitz, 186 AD3d 1306). Thus, the plaintiff failed to establish its prima facie entitlement to summary judgment on the complaint insofar as asserted against the defendants. Moreover, as correctly asserted by the defendants in opposition to the motion, the plaintiff failed to establish, through competent evidence in admissible form, both strict compliance with RPAPL 1304 (see Nationstar Mtge., LLC v Matles, 185 AD3d 703, 706; M & T Bank v Biordi, 176 AD3d 1194, 1196), as well as the existence of a default (see Bethpage Fed. Credit Union v Luzzi, 177 AD3d 944, 946).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and to appoint a referee to compute the amount due and owing to the plaintiff.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court