Wilmington Sav. Fund Socy., FSB v Duran (2026 NY Slip Op 00812)

Wilmington Sav. Fund Socy., FSB v Duran

2026 NY Slip Op 00812

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-12140
 (Index No. 710731/15)

[*1]Wilmington Savings Fund Society, FSB, appellant,
vLuz Duran, et al., respondents, et al., defendants.

Friedman Vartolo LLP, Garden City, NY (Ronald P. Labeck of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered October 25, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Luz Duran and Jovini Sanchez and to strike those defendants' amended answer and granted those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross-motion of the defendants Luz Duran and Jovini Sanchez for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendants Luz Duran and Jovini Sanchez (hereinafter together the defendants) executed a note secured by a mortgage on real property located in Queens. Subsequently, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. The defendants interposed an answer and an amended answer, in which they asserted affirmative defenses alleging, inter alia, lack of standing, failure to comply with RPAPL 1304, and failure to comply with 12 CFR 1024.39(a) and (b)(1), 24 CFR 203.602, 203.604, 203.605, and 203.606. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and to strike the defendants' amended answer. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's failure to comply with the foregoing federal regulations. In an order entered October 25, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Bloom, 202 AD3d 736, 736; see Christiana Trust v Rashid, 228 AD3d 822, 824). "Additionally, where, as here, a plaintiff's standing is put into issue by the defendant, the plaintiff must prove its standing in order [*2]to be entitled to relief" (Bank of Am., N.A. v Bloom, 202 AD3d at 736; see Wells Fargo Bank, N.A. v Carrington, 221 AD3d 746, 748). "A plaintiff establishes its standing to foreclose a mortgage by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note" (Wells Fargo Bank, N.A. v Carrington, 221 AD3d at 748 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Sene, 219 AD3d 1499, 1500).
The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and to strike the defendants' amended answer. As an initial matter, the plaintiff failed to establish its standing. The plaintiff provided, inter alia, the affidavits of Mario Selva, an assistant secretary employed by the plaintiff's prior loan servicer, Rushmore Loan Services, LLP (hereinafter Rushmore), and Dawn Horne, a document execution specialist for the plaintiff's current loan servicer, Selene Finance, L.P. However, the plaintiff's submissions in support of its motion included two different versions of the note—one submitted with Selva's and Horne's affidavits and the other annexed to the complaint. Selva and Horne both averred that the version of the note attached to their respective affidavits was the true and accurate copy of the note. However, the plaintiff made no attempt to provide any explanation for the discrepancy between the two versions of the note (see Partners for Payment Relief DE IV, LLC v Ramadan, 190 AD3d 757). Accordingly, the plaintiff failed to establish that it was the holder or assignee of the note at the time the action was commenced and, therefore, failed to establish its standing (see HSBC Bank USA, N.A. v Sene, 219 AD3d at 1500; Partners for Payment Relief DE IV, LLC v Ramadan, 190 AD3d 757).
Additionally, the plaintiff failed to establish its compliance with RPAPL 1304. "Pursuant to RPAPL 1304(1), 'at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower.' The RPAPL 1304 notice must be sent 'by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage'" (NS194, LLC v Gregg, 231 AD3d 1162, 1162, quoting RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Adams, 202 AD3d 867, 868 [internal quotation marks omitted]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). "A plaintiff demonstrates compliance with RPAPL 1304 'through evidence of actual mailing (e.g., an affidavit of mailing or service) or . . . by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature'" (U.S. Bank N.A. v Romano, 231 AD3d 1079, 1080 [emphasis omitted], quoting CIT Bank N.A. v Schiffman, 36 NY3d 550, 556; see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759).
Here, Selva stated that a review of Rushmore's business records confirmed that a 90-day notice was sent via certified and first-class mail on May 7, 2015. However, the plaintiff submitted no evidence that the notice was sent by first-class mail, and the certified mail return receipts submitted were neither signed nor postmarked (see NS194, LLC v Gregg, 231 AD3d at 1163; Wells Fargo Bank, N.A. v Shields, 201 AD3d 1007, 1010). Moreover, Selva, in his affidavit, failed to specifically describe the procedures in place designed to ensure that RPAPL notices were properly addressed and mailed both by first-class mail and by registered or certified mail (see Wilmington Trust, N.A. v Meyerhoeffer, 219 AD3d 549, 552).
However, the Supreme Court improperly granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. Where a defendant alleges that the plaintiff failed to comply with conditions precedent set forth in the loan documents to foreclose on a mortgage, such as violations of certain federal regulations applicable to a mortgage insured by the Federal Housing Administration (hereinafter FHA), as part of its prima facie showing, the plaintiff must establish compliance with such conditions precedent or that it was exempt from complying with them (see Green Planet Servicing, LLC v Martin, 141 AD3d 892, 893). Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law, as they established that the instant action involved an FHA-insured loan, which was subject to certain federal regulations that were conditions precedent to the commencement of an action, which conditions were [*3]not satisfied. However, the plaintiff raised triable issues of fact as to whether it was exempt from complying with such regulations (see id.; Washington v United States Dept. of Hous. & Urban Dev., 2019 WL 5694102, *2, 2019 US Dist LEXIS 127027, *2-3 [ED NY No. 16-CV-3948 (ENV) (SMG)]).
In light of our determination, we need not reach the defendants' remaining contention.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court