## Wells Fargo Bank Minn. N.A. v Brotherson

2026 NY Slip Op 30830(U)

March 3, 2026

Supreme Court, Kings County

Docket Number: Index No. 49516/2001

Judge: Christopher Robles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP6 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 320 Jay Street, Brooklyn, New York, on the 3 day of March, 2026.

PRESENT:

HON. CHRISTOPHER ROBLES,
                              Justice.

-----------------------------------------------------------------------X

WELLS FARGO BANK MINNESOTA NATIONAL ASSOCIATION, AS TRUSTEE FOR DELTA FUNDING HOME EQUITY LOAN TRUST 1999-3,

                              Plaintiff,

                  -against-

Index No.: 49516/2001
Motion Sequence: 11

NGOSI BROTHERSON AS THE ADMINISTRATRIX OF THE ESTATE OF PATSY BROTHERSON, NIGEL PILE, LESLIE HINDS, LESTER HINDS, STANLEY CROAL, TRICIA CROAL, RAYNOLA SMALLS, REDRICK SMALLS,

                              Defendants.

-----------------------------------------------------------------------X

| The following e-filed papers read herein: | NYSCEF Doc Nos.: |
| Notice of Motion, Affirmations, and Exhibits Annexed | 39, 41-63 |
| Affirmation in Opposition, Affirmations, and Exhibits Annexed | 68-70 |
| Affirmation in Reply | 74 |

Upon the foregoing papers in this action to foreclose a mortgage lien on real property, plaintiff Wells Fargo Bank Minnesota National Association, as Trustee for Delta Funding Home Equity Loan Trust 1999-3 (plaintiff) moves (in motion [mot.] sequence [seq.] 11) for an order, pursuant to CPLR 3212, granting it summary judgment on its complaint, appointing a referee to compute the sum due and owing to plaintiff, and striking the answer of defendant Nigel Pile. Plaintiff further seeks a default judgment against the

[*1]

remaining defendants, and to amend the caption to remove the names of the deceased tenant-defendants Leslie Hinds and Stanley Croal. Defendant Ngosi Brotherson, as the Administratrix of the Estate of Patsy Brotherson ("Administratrix") opposes.

## **Factual Background**

On or about July 23, 1999, decedent Patsy Brotherson ("Borrower") executed a Note (the "Note") for $90,000.00 in favor of First West Mortgage Bankers, Ltd. ("First West") (NYSCEF Doc No. 45). As collateral security for the Note, Borrower duly executed and delivered a Mortgage ("Mortgage") to First West in the principal amount of $90,000.00, creating a lien on the real property located at 347 Winthrop Street, Brooklyn, New York 11221 ("Mortgaged Premises") (NYSCEF Doc No. 46). Defendant Nigel Pile (Pile) co-owned the Mortgaged Premises. The lien, and eventual assignment of the Mortgage to plaintiff, was recorded in the Office of the City Register of the City of New York, Kings County (NYCEF Doc No. 47). Borrower subsequently passed away on December 3, 2000, and stopped making monthly payments on the Mortgage when due on September 1, 2001, and continuing thereafter, rendering the Borrower in default.

On or about December 19, 2001, plaintiff commenced the instant action to foreclose on the Mortgage by filing a summons and complaint, along with a notice of pendency, naming the decedent Borrower, Nigel Pile, as the co-owner of the Mortgaged Premises, and tenants "John Doe #1" through "John Doe #12" as defendants (the "2001 Action") (NYSCEF Doc No. 49). On or about March 18, 2002, a Verified Answer was filed on behalf of the decedent Borrower and Nigel Pile. By order dated August 20, 2003, the Court (Weston Patterson, J.) amended the caption to substitute the Estate of Patsy Brotherson and

2

directed plaintiff to serve the Administratrix within 60 days of entry. Plaintiff failed to comply and moved for an extension, but withdrew that motion and instead sought leave to file a new notice of pendency after the prior one expired. Although the Administratrix was served on May 16, 2005, plaintiff never obtained an extension of time to do so. The Court therefore denied leave to file a new notice of pendency, finding that personal jurisdiction had not been obtained. Notwithstanding that denial, plaintiff filed another notice of pendency on April 17, 2006, and shortly thereafter on April 25, 2006, plaintiff commenced a second action (under index number 12536/2006) against Defendant Ngosi Brotherson as the Administratrix of the decedent Borrower's Estate (the "2006 Action") (NYSCEF Doc No. 53). By Decision and Order dated January 4, 2007, the 2006 Action was consolidated into the 2001 Action (the instant action) (NYSCEF Doc No. 54). By Decision and Order of the Court dated July 24, 2007, plaintiff's motion for summary judgment on its complaint was granted and a Judgment of Foreclosure and Sale in favor of the plaintiff was thereafter granted on September 26, 2008 (the "2008 Judgment"). The 2008 Judgment was entered on October 19, 2014.

On December 2, 2016, a Notice of Appearance naming new counsel for defendant Nigel Pile was filed. Plaintiff attempted to schedule a foreclosure sale of the Mortgaged Premises, but the Administratrix filed an Order to Show Cause to vacate the 2007 Order granting summary judgment and the 2008 Judgment. The Order to Show Cause was granted on November 28, 2017, on the basis that the original attorney for Borrower and defendant Nigel Pile was disbarred in September 2004. On or about December 1, 2017, Defendant Pile subsequently attempted to serve an Amended Answer, which was rejected

3

[* 3]

by the plaintiff as untimely (NYSCEF Doc No. 59). The tenants who were subsequently identified and substituted in for defendants "John Doe 1" through "John Doe 12," include Leslie Hinds and Stanley Coal, who passed away on May 12, 2011, and April 13, 2020, respectively.

In July 2019, the instant action was administratively dismissed. Plaintiff then moved to vacate the administrative dismissal and restore the instant action to the active calendar, which was granted on July 3, 2024, and entered on November 19, 2024. The Parties were scheduled for a settlement conference on February 4, 2025, at which point a settlement could not be reached. Plaintiff now moves for summary judgment in its favor, for an appointment of a referee to compute the sum due and owing to plaintiff, to striking the answer of defendant Pile, for a default judgment against non-appearing defendants, and to amend the caption to remove the names of the deceased tenant-defendants.

### Discussion

As an initial matter, the branch of plaintiff's motion seeking to amend the caption to remove decedents Leslie Hinds and Stanley Coal as defendants is granted (*see* CPLR 3025 [b]; *Cullen v Torsiello*, 156 AD3d 680, 681 [2d Dept 2017]; *see also Lambert v Estren*, 126 AD3d 942, 943 [2d Dept 2015] ["Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent"]).

Turning to plaintiff's motion for summary judgment, the movant must demonstrate a *prima facie* showing of entitlement to judgment as a matter of law, proffering evidence in admissible form to support the claim that no triable issues of fact exist (*see Zuckerman*

4

[* 4]

*v City of New York*, 49 NY2d 557, 562 [1980]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once a *prima facie* showing has been established, the burden shifts to the opposing party to demonstrate a material issue of fact (*see Kaufman v Silver*, 90 NY2d 204, 208 [1997]). The court must view the evidence in a light most favorable to the party opposing the motion and must give that party the benefit of every favorable inference (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]).

In an action to foreclose a mortgage, a plaintiff moving for summary judgment "establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Emigrant Funding Corp. v Agard*, 121 AD3d 935, 936 [2d Dept 2014]). Defendant Administratrix does not dispute the existence of the Mortgage or that a default in payment has occurred. Defendant does, however, contest plaintiff's standing to foreclose. Specifically, defendant contests the condition of the Note at the time the instant action was commenced in 2001 and alleges that the Mortgage was subsequently assigned to a different entity than the plaintiff.

"Where . . . a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (*Kondaur Capital Corp. v McCary*, 115 AD3d 649, 649-50 [2d Dept 2014]). "In a mortgage foreclosure action, a plaintiff has standing when it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Citibank, N.A. v Herman*, 125 AD3d 587, 588 [2d Dept 2015]). "The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the

5

[* 5]

note" (*U.S. Bank Nat. Ass'n v Guy*, 125 AD3d 845, 846-47 [2d Dept 2015]). "As a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note" (*Wells Fargo Bank, N.A. v Archibald*, 150 AD3d 935, 936 [2d Dept 2017]). "By contrast, an assignment of a mortgage without assignment of the underlying note or bond is a nullity" (*Deutsche Bank Nat. Tr. Co. v Spanos*, 102 AD3d 909, 911-12 [2d Dept 2013]; *see also Merritt v Bartholick*, 36 NY 44, 45 [1867]).

In support of its motion, plaintiff annexes a copy of the Note, the Mortgage, and assignments of the Mortgage. The Note annexed to the instant motion is endorsed and contains an allonge, which differs from the copy of the Note annexed in plaintiff's 2007 motion for summary judgment. While identical, the version of the Note annexed to the 2007 motion was not endorsed and did not have an allonge. The assignments annexed show that First West assigned the Mortgage to Delta Funding Corp. ("Delta") on July 23, 1999, and that Delta assigned the Mortgage to plaintiff on January 8, 2002, *post commencement of the instant action.* Plaintiff contests defendant's argument that an additional assignment was made to *Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for Delta Funding Home Equity Loan Asset-Backed Certificates, Series 1999-3,* claiming it was not an actual transfer of ownership or beneficial interest in the subject loan, but rather the result of a corporate merger.

Plaintiff also annexes the affidavit of Talya Lopez, who is employed as Vice President of PHH Mortgage Corporation, the servicer of the loan for plaintiff. She affirms that plaintiff maintains physical possession of the original Note and that, at the time

6

[* 6]

plaintiff took possession, the Note bore an endorsement from First West to Delta Funding Corp., together with an allonge endorsing the note from Delta Funding Corp. to plaintiff. The affiant does not state the date when plaintiff took possession of the original Note or that plaintiff was in possession of the original Note at the commencement of the instant 2001 action. While the affiant states that plaintiff was in possession of the Mortgage at the time of commencement of the action, she fails to specify whether possession was at commencement of the 2001 Action or the 2006 Action.

While the submission of two different notes would raise a triable issue of fact, courts have held that the existence of copies of the same note, where one is unendorsed and the other is endorsed, is insufficient to defeat a motion for summary judgment, so long as there is no question that the assignee physically possessed the note at commencement of the action (*see Wells Fargo Bank, N.A. v Dupass*, 180 AD3d 846, 848 [2d Dept 2020]; *see also Wells Fargo Bank, N.A. v Ballard*, 172 AD3d 1440, 1441-42 [2d Dept 2019]). Here, however, the plaintiff's witness raises questions about the status of the Note at the commencement of this action. The affiant does not indicate when plaintiff took possession of the Note and merely states that plaintiff is in possession, despite affirming that plaintiff held the Mortgage at the time the action began. If the Mortgage was assigned prior to, or without the assignment of the Note, the transfer would be a nullity. The affiant further states that when plaintiff took possession of the Note, it was already endorsed and included an allonge, even though plaintiff submitted an unendorsed version of the Note with its 2007 summary judgment motion. Thus, the Court finds that triable issues of fact exist warranting denial of plaintiff's motion for summary judgment and a default judgment (s*ee Bank of*

7

[* 7]

*New York Mellon v Itzkowitz,* 186 AD3d 1306, 1307 [2d Dept 2020]) [Court found plaintiff's submitted evidence insufficient to establish, prima facie, plaintiff's standing where one version of the note contained an undated allonge endorsing the note from the original lender, as well as two subsequent endorsements, but the other version contained no allonge, and only a single endorsement from the original lender]).

The Court has considered the parties' remaining contentions and found them either unavailing or moot in light of its determination.

Accordingly, plaintiff's motion is only granted to the extent that it seeks to amend the caption to remove decedents Leslie Hinds and Stanley Coal as defendants, and the remainder of plaintiff's motion is otherwise denied.

This constitutes the Decision and Order of the Court.

ENTER

J.S.C.

8